WIRT ADAMS, STATE REVENUE AGENT, *v.* CAROLINE KUHN.

1. STATE REVENUE AGENT. *Assessment for back taxes. Appeal. Act* 1894.
    Where, under act 1894 (Laws, p. 29), the state revenue agent causes notice to the assessor or tax collector to assess for back taxes, and such officer thereupon notifies the person to be assessed and the board of supervisors, and the latter makes an order disapproving the assessment, the state revenue agent may appeal, he being a party within the meaning of § 3 of said act providing for appeal "by either party."

2. SAME. *Appeal without bond. Code* 1892, *§* 4194.
    No appeal bond, in such case, is required of the revenue agent, the said act of 1894 being, in effect, a part of chapter 126, code 1892, which dispenses with the necessity for such bond. Code 1892, § 4194.

FROM the circuit court of Warren county.
HON. JOHN D. GILLAND, Judge.
The case is stated in the opinion.

*Calhoon & Green,* for appellant.

The proceeding in this case is an action. *Virden* v. *Bowers,* 55 Miss., 1. The assessment made is a declaration. The issue

was the propriety of the assessment, and the approval or disapproval of the court is a judgment of the court, and the state, or its officer, may appeal from the judgment without bond.

Appellant conformed precisely to all the requirements of § 3 of the act of 1894, which, after defining the procedure, provides that the state revenue agent may appear at the meeting, and an appeal may be taken by either party. It is the sublimity of nonsense to suppose the board would ever appeal from its own order. Who, then, are the parties? Unquestionably, the delinquent and the state, by its revenue agent, the latter being charged with the duty and armed with the power to institute actions and conduct them on the behalf of the state.

No bond was necessary. Code 1892, §§ 4194, 4255.

*Miller, Smith & Hirsh,* for appellee.

By § 3 of the act of 1894, the revenue agent can act in the matter of assessments only through and in the name of the officer charged by the constitution with the duty of making such assessments. Otherwise, the act would be a violation of our fundamental law. *State* v. *Tonella,* 70 Miss., 701. Mindful of this decision, the legislature did not attempt, by the act of 1894, to make the revenue agent a party. Not being a party, he cannot appeal.

COOPER, C. J., delivered the opinion of the court.

By section 3 of chapter 34 of the acts of 1894 (Laws, p. 29), it is provided that "after the expiration of the fiscal year in which taxes become due, should the revenue agent discover that any person, corporation, property, business, occupation or calling has escaped taxation by reason of not being assessed, it shall be his duty to give notice to the tax collector, in writing, and the collector shall, within ten days thereafter, make the proper assessment by way of an additional assessment on the roll or tax list in his hands and give ten days' notice, in writing, to the person or corporation whose property is assessed; and

all objections to such assessments shall be heard at the next meeting of the board of supervisors of counties, or the board of mayor and aldermen of municipalities. The board of supervisors or mayor and aldermen shall also be notified in writing by the collector of said assessment, and the state revenue agent may appear at said meeting, and an appeal to the circuit court may be taken from the order of the board approving or disapproving such assessment by either party. . . If the assessment rolls be in the hands of the assessor at the time the revenue agent makes discovery of the property which has escaped taxation, he shall give the required notice to the assessor, who .shall make the proper assessment and give the required notices to the owners of the property and to the board of supervisors, or mayor and aldermen, under like penalties for failure as provided against the collector, and like proceedings shall be had. When any taxes shall be collected under assessments made as herein required, the revenue agent shall receive therefor, at the time of collection, the same compensation allowed him by law for other collections.''

Section 6 of the act declares that '' the revenue agent shall have power to sue for, collect, and have assessed as herein required, delinquent taxes or taxes that have escaped the assessor and collector back to and including the year 1886, and no further.''

Proceeding under this law, the revenue agent gave notice to the collector of Warren county that the appellee was the owner of certain solvent credits in the years 1886, 1890, 1891, and 1892, which had escaped taxation. The collector thereupon entered an assessment thereof upon his roll, and gave notice to the appellee and to the board of supervisors of Warren county of his action. At the meeting of the board the appellee appeared and moved the board to vacate and discharge the assessment, and this motion was sustained. The order of the board recites that the motion was sustained without hearing any evidence either for or against the '' propriety of the assessment.''

From this order the revenue agent appealed to the circuit court without giving any bond, and in that court the appellee moved to dismiss the appeal—

1. Because the revenue agent is not authorized by law to prosecute an appeal.

2. Because the revenue agent is not a party to the proceeding.

3. Because the law does not authorize appeals of this character without bond, and because the revenue agent has not given bond for appeal.

This motion was, by the circuit court, sustained and the appeal dismissed, and from that judgment the revenue agent appeals to this court.

The first and second grounds upon which the motion in the circuit court was made may be considered together, for the act of 1894 gives the right of appeal to "either party" to the proceeding. It therefore follows that if the revenue agent was a "party" to the proceeding within the meaning of the act, he could appeal, and, if he was not, he could not appeal.

We must consider the act of 1894 in the light of previous legislation and decision upon the subject involved.

By §§ 4192, 4193, code of 1892, the legislature had devolved the power and duty upon the revenue agent to assess all property which had escaped taxation since the year 1886 and to sue upon such assessment when made by him, unless payment of the tax assessed should be made by the owner of the property within ten days after notice thereof. Power was also given to him, when, in his opinion, property had not been properly assessed by boards of supervisors, to give notice to the owner of the property and to the board of supervisors and thereupon to have a rehearing before the board, and a right was given to "either party" to appeal. In *The State* v. *Tonella*, 70 Miss., 701, we held these code provisions to be unconstitutional, in that they devolved upon the revenue agent the powers and duties given and imposed by the constitution upon other offi-

cers, and in that they vacated final judgments by mere legislative declaration.

The act of 1894 repeals §§ 4192 and 4193 of the code, and for them substitutes the scheme it provides. The obvious purpose of the code provision contained in § 4192, and that provided by the third section of the act of 1894, is the same, viz., to subject now to taxation all property which by fraud or accident has not been assessed since the year 1886, and which has consequently escaped its due portion of the burden of taxation borne by all other property in the state. In the execution of the legislative scheme the revenue agent is the directing, impelling agency provided for to put in action the officers and machinery contemplated by the constitution. He is the state's agent to compel action by other officers, in order that the constitutional scheme by which all property was intended to bear its equal portion of taxation shall be effectuated. To accomplish this purpose, it is as necessary that the machinery once set in motion shall be kept going until the end is reached, as it is that motion shall be inaugurated. By the code provisions it was intended and provided that the desired result should be secured in the name and by the action of the revenue agent, and it could not be doubted that the agent was a "party" to whom the right of appeal was given by § 4193 of the code. Section 3 of the act of 1894 is, as we have said, a mere change of the code provisions to disembarrass the general plan and purpose of the legislature from constitutional objection pointed out in the decision in the *Tonella Case.* We cannot doubt that the appeal it provides was intended for the revenue agent on the one side and for the party whose property or calling was intended to be taxed.

No appeal bond was necessary to be given. It is so expressly provided by § 4194 of the code, and the act of 1894 is in effect a part of that chapter, and the appeal given by the act of 1894 is covered by said section so as to exempt the agent from giving bond. *The judgment is reversed.*